|  |  |  |
|---|---|---|
| IN RE | ) | Case No.   16-60490 |
|  | ) | Chapter:      13 |
|  | ) | Adversary No.  _____ |
| JULIA MARION WALL, an Individual | ) |  |
|  | ) |  |
| Debtor. | ) |  |

|  |  |  |
|---|---|---|
| JOAN SMITH, an Individual, | ) | **COMPLAINT TO DENY** |
| GREGORY WALL, an Individual, | ) | **AND  EXCEPT DISCHARGE** |
| and ESTATE OF MERWIN SMITH, | ) |  |
| A Decedent's Estate, | ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
| v. | ) |  |
|  | ) |  |
| JULIA MARION WALL, | ) |  |
| an Individual, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

COME NOW Joan Smith and the estate of Merwin Smith, deceased, and for their Complaint pursuant to section 11 U.S.C. §523, allege as follows:

1.     Joan Smith and Gregory Wall are residents of Ravalli County, Montana. Merwin Smith was Joan Smith's husband until his death in 2013.  A probate case for Merwin Smith has been opened in Ravalli County District Court and is pending at this time. Debtor Julia Wall is a resident of Ravalli County, Montana, and is employed there as a legal secretary. Gregory Wall is the former husband of Debtor Julia Wall. Gregory has been a recipient of Social Security Disability benefits since approximately 2000.  Creditors Joan Smith and Estate of Merwin Smith request that the Court enter an order denying the discharge of the debtor in this Chapter 13 case.

**COMPLAINT TO DENY**
**AND EXCEPT DISCHARGE**                                        **Page 1**

2     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. § 523

3.    This is a core proceeding pursuant to 28 U.S.C. § 157 (b).

4.    Venue is proper pursuant to 28 U.S.C. § 1409(a).

5.    Plaintiffs Joan Smith and Estate of Merwin Smith are creditors and have standing to bring this action pursuant to 11 U.S.C. § 523(a).

6.    On May 20, 2016, Julia M. Wall filed a Chapter 13 Bankruptcy Petition.

## INTRODUCTION

7.    In this case brought under 11 USC §523 (a) (2) (A), Plaintiffs Joan Smith and the Estate of Merwin Smith allege that Julia Wall convinced her husband Gregory that they should file for bankruptcy under Chapter 7 in the year 2012; that Julia Wall and Gregory Wall had owed over $175,000.00 to Joan Smith and Merwin Smith for the six years previously; that Julia Wall and Gregory Wall made regular payments to Joan Smith and Merwin Smith from approximately February, 2006 until March, 2012; that Julia Wall did not intend to continue to pay the indebtedness that she and her husband Gregory owed to the Smiths after March 2012, that Julia Wall deceived her husband Gregory Wall by telling him that the bankruptcy would not include Gregory Wall's parents Joan Smith and Merwin Smith, and that Julia Wall and Gregory Wall would continue to make the payments to Joan Smith and Merwin Smith after the bankruptcy, and that the indebtedness owed by Walls to Smiths would be excluded from the Chapter 7 discharge of the 2012

bankruptcy; that Julia Wall had no intention of keeping her promise to her husband that the Smiths would be excluded from the Chapter 7 bankruptcy of 2012, and that shortly after inducing her husband to sign the Chapter 7 petition of the Walls in 2012, Julia Wall forced her husband to leave the home, had him arrested, and took other steps, including divorce, to cease the regular payments that she had been making with her husband and the indebtedness owed to the Smiths; that the actions of debtor Julia Wall forced Merwin and Joan Smith to initiate legal action against Julia Wall and later Gregory Wall, and that Merwin Smith died during the course of that litigation, but that that litigation resulted in a judgment rendered against debtor Julia Wall in April, 2016, and the amount of $88,512.15.

8.     Debtor/Defendant Julia Wall is 49 years old. She has been married two times, most recently to Gregory Wall, the son of Joan Smith and stepson of Merwin Smith, deceased. Julia and Gregory Wall married in 1998. Prior to that Julia Wall was married to Gregory Thomas Burch. Julia Wall and Mr. Burch are believed to have filed and received a discharge in a Chapter 7 bankruptcy in Sacramento, California in the late 1990's.

9.     Julia Wall and Gregory Wall were married in August, 1998. At the time, Gregory Wall was employed as a carpenter in Sacramento, California. Gregory was the father of two children from a former marriage. Gregory was living in California for all the years prior to his marriage to Julia Wall in 1998. After his marriage to Debtor Julia Wall, Gregory Wall was injured in an accident on the job. He applied for and received both Worker's Compensation benefits and, later, Social

**COMPLAINT TO DENY**
**AND EXCEPT DISCHARGE**                                                    **Page 3**

Security disability benefits. From and after the date of his injury, Gregory Wall has had only disability income.

10.     Merwin Smith and Joan Smith also resided in the state of California until Merwin's retirement as a teacher in Sacramento, California in 1997. After his retirement, Merwin and Joan Smith moved to Darby, Montana, where they built a retirement home. Merwin and Joan Smith were not involved in supporting Gregory Wall in the 1990s, as Gregory was married and employed and earning a living. Gregory remained in California throughout the 1990s during the time of his first marriage.  Then in the early years of his marriage to Debtor Julia Wall and after Gregory's disabling injury, Gregory Wall and Julia Wall and their children relocated from Sacramento, California to the Bitterroot Valley in Montana to be closer to Merwin and Joan Smith. Merwin and Joan agreed to provide financial assistance to Gregory and Julia when Julia began requesting assistance with the costs of moving to Montana, acquiring housing in Montana, and meeting other expenses incurred in connection with the departure from California.   The Smiths provided assistance on the basis that the monies were loaned and would be paid back.

11.     In the year 2005, the Walls requested assistance from Joan and Merwin Smith in procuring a mobile home. They purchased an expensive mobile home and located it in Stevensville, Montana. Approximately nine months later, Julia Wall and Gregory Wall requested additional financial assistance from Smiths to acquire a parcel of land in the West Fork area of the Bitterroot valley, which was significantly closer to the home of the Smiths. In 2005, Julia Wall executed a

**COMPLAINT TO DENY**
**AND EXCEPT DISCHARGE**                                                    Page 4

promissory note, in her name only, promising to pay on demand to the Smiths the sum of $125,000.00. That amount was the agreed amount of all monies advanced by Smiths to Walls in the months leading up to the date of the promissory note.   To assist Walls in acquiring housing and relocating their housing in the Bitterroot valley of Montana, in late 2005 or early 2006 the Smiths took out a loan of $40,000.00 to provide additional funds to the Walls to assist in their relocation. All of the $40,000.00 was added to the resources loaned by Smiths to Walls, amounting to a grand total of $165,000.00 ($125,000.00 plus $40,000.00). The Walls made payments monthly on the indebtedness, but were unable to stay current in their payments or pay a sufficiently high amount to amortize either of the loans. The payments continued in varying amounts from February, 2006 through March, 2012. All payments were made by Debtor/Defendant Julia Wall, who controlled the finances of her family, including the disability income of her husband.

12.     Debtor Julia Wall persuaded her husband Gregory Wall to join her in filing a Chapter 7 petition in bankruptcy in 2012. The largest amount of indebtedness that Julia Wall and Gregory Wall owed at that time was the debt payable to Joan and Merwin Smith, consisting of the unpaid balance on the original promissory note of $125,000.00 and the $40,000.00 obligation undertaken in February, 2006.

13.     Gregory Wall was not in favor of filing a bankruptcy in 2012. The parties (Gregory Wall and Julia Wall as husband and wife) had received a discharge in bankruptcy previously in a Montana Chapter 7 case in 2003. To convince Gregory

**COMPLAINT TO DENY**
**AND EXCEPT DISCHARGE**                                                          Page 5

to agree to file a second bankruptcy in 2012, Julia Wall told him that the largest indebtedness, that owed to Merwin Smith and Joan Smith, would not be included in the bankruptcy and the full indebtedness to Joan Smith and Merwin Smith would remain valid and unaffected by the bankruptcy.   Julia Wall had no intention of performing this promise made to her husband for the benefit of Joan Smith and Merwin Smith as third-party beneficiaries. Upon obtaining her husband's signature on the 2012 bankruptcy petition, debtor Julia Wall told her husband Gregory to leave the premises of the family and take up residency elsewhere.   When he resisted, she contacted Ravalli County law enforcement and had him arrested on charges of threatening behavior. Gregory Wall spent five days in jail and never returned to the family home after his arrest.

14.     In addition to having her husband arrested, Julia Wall stopped all payments from the family income that she had from employment and she made no more debt payments to Merwin Smith and Joan Smith. Within two months thereafter, following the release of Gregory Wall from jail, Gregory filed for divorce.   Gregory took up residency with the Smiths. An acrimonious divorce went to trial and a decision was rendered in the Ravalli County District Court apportioning the assets life and liabilities of Gregory and Julia Wall and determining custody, visitation and support. A final determination was made in that case, (Ravalli County case number DR12-139) in September, 2014.

15.     Merwin Smith and Joan Smith were forced by the termination of payments by debtor Julia Wall to initiate a lawsuit against her.   Gregory Wall was

**COMPLAINT TO DENY**
**AND EXCEPT DISCHARGE**                                         Page 6

brought into the case as a third-party defendant. That case was litigated separately from the divorce under Ravalli County District Court case number DV-13-371 Defendant Julia Wall, debtor in this bankruptcy case, contested the allegations of indebtedness to the Smiths on several grounds. Smiths were granted summary judgment by an order of the Ravalli County District Court on January 12, 2016, and the final judgment was entered against Julia Wall on April 4, 2016. Following the issuance of a writ of execution living on Julia Wall, Julia Wall brought this Chapter 13 bankruptcy case.

16.     In pursuing this Chapter 13 bankruptcy case and seeking a potential discharge, Debtor Julia Wall is continuing the fraud that she initiated when she filed her Chapter 7 bankruptcy with Gregory Wall in 2012. In the 2012 filing she promised her husband, for the benefit of his mother and stepfather, to omit the large debts owed to the Smiths, and continue to pay those debts,  in order to induce her husband to agree to join her in filing the Chapter 7 petition. She did not intend for that promise to be fulfilled, and pursuant to 11 USC section 523 (a)(2)(A), plaintiff Joan Smith and the estate of Merwin Smith are entitled to an exception to discharge applicable to the indebtedness owed by Julia Wall and Gregory Wall to Smiths.

17.     Debtor Julia Wall's actions and statements constitute false representations and fraud and the Smiths lost money as a result of such actions and were damaged.

18.     Debtor Julia Wall made material misrepresentations or otherwise engaged in deceptive conduct.

**COMPLAINT TO DENY**
**AND EXCEPT DISCHARGE**                                                  Page 7

19.    Julia Wall knew the misrepresentations were false at the time they were made.

20.    Julia Wall's misrepresentations and conduct were carried out with the intent to deceive Gregory Wall and damage the Smiths.

21.    Gregory Wall relied on the misrepresentations and conduct of his wife Julia Wall.

22.    Gregory Wall, Joan Smith and the Estate of Mervin Smith have been damaged due to Gregory Wall's reliance on Julia Walls statements and conduct.

23.    Due to Julia Wall's actions, the claim of Joan Smith and the Estate of Merwin Smith should be excepted from discharge under 11 U.S.C. § 523(a)(2)(A).

24.    Julia Wall's actions in filing this Chapter 13 case, with the intent of obtaining a discharge of the claim of the Smiths which was reduced to judgment only after signficant time and attorney fees were expended, and after promising to her husband not to seek bankruptcy relief on the indebtedness owed to Smiths, and doing so in what Smiths understand to be her fourth voluntary personal bankruptcy proceeding, constitutes bad faith justifying an exception to discharge.

Wherefore, Plaintiffs pray:

1.    For a judgment excepting the indebtedness sold by debtor Julia Wall from any discharge that may result during or at the conclusion of the plan as performed by debtor Julia Wall;

2.    For a determination that this Chapter 13 bankruptcy case filed here

**COMPLAINT TO DENY
AND EXCEPT DISCHARGE**                                          **Page 8**

was in bad faith as it sought only to eliminate the indebtedness of owed to the Smiths;

3.　　For a determination that Julia Wall is guilty of actual fraud pursuant to 11 USC 523 (a)(2)(A);

4.　　For an award to Plaintiffs of costs and attorney fees, to the extent allowed by law;

5.　　For such other and further relief as the court deems just under the circumstances of this case.

RESPECTFULLY SUBMITTED this 15TH day of August, 2016.


/s/ Howard Toole
Howard Toole
Attorney for Plaintiffs
PO Box 8774
Missoula, MT 59807-8774

**COMPLAINT TO DENY
AND EXCEPT DISCHARGE**